826 F.2d 1073
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Hiram S. ARGUST and Glasco Concrete Accessories, Plaintiffs/Appellants,
v.
FORMWORK ENGINEERING CORP., Andrew Filak and Herbert Dunphy,
Defendants/Cross- Appellants.
 Nos. 87-1055, 87-1072
 United States Court of Appeals, Federal Circuit.
 July 22, 1987.
 
 Before MARKEY, Chief Judge, and RICH and DAVIS, Circuit Judges.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 These appeals are from the September 5, 1986, judgment of the United States District Court for the Central District of California holding, primarily, that no claim of Argust patent No. 3,795,381 ('381 patent), entitled 'Corner Clamp,' has been infringed by Formwork Engineering Corporation (Formwork). Subsidiary issues decided by the district court are that the '381 patent claims are not anticipated and not unenforceable by reason of inequitable conduct or misuse, that plaintiffs were not entitled to treble damages or attorney fees, and that Formwork has not infringed any trademark rights of Argust. We affirm the judgment of non-infringement on the patent and trademark issues and do not reach the other issues.
 
 OPINION
 I. Patent Infringement
 
 2
 A. Literal infringement. We agree with the trial court that there is no literal infringement because of the claim limitation 'an arm rotatably connected at one end thereof to said first plate, and having at least one opening therethrough adjacent the other end.' (Emphasis ours.) The alleged infringing structures, which use as the 'arm' a threaded rod or swing bolt totally devoid of openings, fail to meet this major limitation of all claims with respect to the portion we have underlined. We find totally unpersuasive appellants' argument that 'the 'hole' in the nut which is a permanent part of the rotatable arm literally satisfied the element of claim 1 calling for a rotatable arm 'having at least one opening therethrough adjacent to [sic] the other end." From the standpoint of both patent law and the technology, the argument borders on the absurd.
 
 
 3
 When the nut is on the threaded rod as a 'permanent part' thereof, the hole is closed by the rod. The sole purpose of the hole in the arm of the claimed structure is the receipt of a locking wedge. Claims must be read in the light of the specification of which they are a part. Thus reading the claims here, there is no logical possibility of regarding the hole in the nut when threaded on and filled by the rod as meeting the claim limitation calling for a hole in the arm.
 
 
 4
 B. Infringement under the doctrine of equivalents. This is not a case for application of the doctrine. As the trial court held, this was not a pioneer invention; there was close prior art. In designing around the claims of the '381 patent, Formwork moved closer to the prior art. If the claims were to be expanded beyond their literal scope by application of the doctrine, in the manner Argust suggests, they would also read on the prior art and be anticipated thereby.
 
 
 5
 The judgment of non-infringement must therefore be affirmed and the case for treble damages vanishes. So does the request for attorney fees on account of willful infringement, for there is no infringement and Argust et al. are not the prevailing parties.
 
 II. The Alleged Trademark
 
 6
 The Argust corner clamp has been sold by patentee or those acting with his authority under the name 'Hi-Speed Corner Loc,' the last word of the phrase sometimes being 'Lock' or 'Lok'. It is a corner lock and the patent describes it as permitting rapid assembly and disassembly of concrete forms. Sales literature describes its operation as 'speedy.' It has not been shown to have any other name. The descriptive name of an article cannot be accorded trademark rights. In re Cooper, 254 F.2d 611, 117 USPQ 396 (CCPA 1958). Neither can descriptive terms like 'high speed,' of which 'Hi-Speed' is a mere phonetic spelling, unless they have been proved to have acquired a 'secondary meaning' (new primary meaning) in the minds of the public as indicating the source of the product. Appellants' main brief says, 'While Appellants concede that the word 'corner-loc' may be generic, the phrase 'Hi-Speed' is not generic, but descriptive.' The trial judge held the whole four-word designation to be generic or descriptive with no secondary meaning, refused to recognize any trademark rights therein, and ordered cancellation of a California State registration thereof. We agree that appellants have failed to establish any trademark rights. The parties, in discussing the issue, have spoken in terms of 'trademark invalidity' or 'invalid trademark.' The question, however, is whether appellants have a trademark or do not have a trademark, which is to say common law trademark rights which can be enforced, since there is no federal registration involved here. 'Invalid trademark' is a contradiction in terms: it is a conceptual nonentity. Trademarks in this country are not grants, like registrations. A registration may be invalid, but a word or group of words either is a trademark or not a trademark. Here it is not. To the extent appellants were held not to have established secondary meaning in the words 'Hi-Speed Corner Loc,' as a whole or in any part thereof, and therefore to have no trademark rights, we agree. There was, therefore, no right to be infringed by Formwork's mere use of the same or a similar term to refer to its corner lock.
 
 III. Appellants' Motion
 
 7
 Appellees, Formwork et al., about a month before oral argument, filed a motion to dismiss 'the portion of the appeal . . . which pertains to the issues of patent infringement and attendant consequential issues' on the ground that the trial court's Conclusions of Law 31, 32, and 33 were not addressed by appellants in their main or reply briefs. Granting the motion would have left nothing but the trademark issue. Since deciding this motion would have required the same work demanded by decision of the appeal itself, consideration of the motion was deferred for decision with the appeal. Having now decided the issue of patent infringement, the motion, per se, is moot. It is therefore dismissed. Such a motion, raising the same issues as the appeal, not only serves no useful purpose but unnecessarily consumes the court's time. Having now considered the memorandum in support of the motion, however, the real purpose of the motion would appear to have been to correct an oversight in omitting an important argument from Formwork's brief based on the prior art Ted Nelson corner lock which the trial court relied on in its Conclusion of Law 33.